PAUL J. FISHMAN
United States Attorney
PETER G. O'MALLEY
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
(201) 645-2921

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                             )<br>                              Plaintiff,       )<br>                                                             )<br>             v.                                            )<br>                                                             )<br>LOVETT CONTRACTING, INC.,         )<br>                                                             )<br>                              Defendant.   )<br>                                                             ) | Civil Action No. |

# COMPLAINT

Plaintiff United States of America ("United States"), by authority of the Attorney General, through the undersigned attorneys, at the request of the United States Environmental Protection Agency ("EPA"), files this complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action against Defendant Lovett Contracting, Inc. ("Defendant Lovett"), seeking civil penalties for violations of the Clean Air Act

("CAA"), 42 U.S.C. §§ 7401-7671q, and the National Emission Standard for Hazardous Air Pollutants for asbestos ("Asbestos NESHAP"), 40 C.F.R. Part 61, Subpart M. This action is based on violations of the Asbestos NESHAP by Lovett which took place at 200 N. Rapauno Avenue, Gibbstown, New Jersey ("Facility") in 2007.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1331, 1345, 1355, and jurisdiction over the parties.

3. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b) and 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the District of New Jersey because the violations occurred there and the Defendant conducts business there.

## AUTHORITY AND NOTICE

4. Authority to bring this action is vested in the United States Department of Justice, pursuant to Section 305 of the CAA, 42 U.S.C. § 7605, and pursuant to 28 U.S.C. §§ 516 and 519.

5. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), notice of commencement of this action has been given to the State of New Jersey.

## THE DEFENDANT

6. Though not named as a defendant in this action at this time, General Chemical, L.L.C., located at 90 East Halsey Road, Parsippany New Jersey, was the lessee of the Facility. Upon information and belief, General Chemical controlled access

to the Facility during the demolition activities described below.

7. Wade Salvage, Inc., although also not a named defendant in this action at this time, was involved in the "salvage and purchase of scrap metal materials" at the Facility. Wade is in the wholesale scrap and waste material business.

8 Defendant Lovett is incorporated under the laws of the State of New Jersey and conducted business as a sub-contractor to Wade during the asbestos abatement and demolition of the Facility.

9. The Defendant is a "person" as defined at Section 302(e) of the CAA, 42 U.S.C. § 7602(e).

## STATUTORY AND REGULATORY BACKGROUND

10. The NESHAPS are promulgated by EPA pursuant to Section 112 of the CAA, 42 U.S.C. § 7412, and prescribe emission standards for pollutants determined by Congress and EPA to be hazardous. Congress has designated asbestos as a hazardous air pollutant under Section 112 of the CAA, 42 U.S.C. § 7412.

11. Section 112(a) defines "owner or operator" as any person who owns, leases, operates, controls, or supervises a "stationary source" that applies to Subchapter I. Section 112(a) defines a "stationary source" as any building, structure, facility, or installation that emits or may emit any air pollutant.

12. Asbestos is capable of causing life-threatening and debilitating illness in humans if inhaled.

12. The Asbestos NESHAP, 40 C.F.R. Part 61, Subpart M, includes regulatory requirements governing the emission, handling, and disposal of asbestos during

demolition and/or renovation operations in regulated facilities.

13. The Asbestos NESHAP contains inspection and notification requirements for demolition and/or renovation activities, including demolition activities at facilities where no asbestos is present.

14. The Asbestos NESHAP provides the following definitions:

a. "<u>Owner or operator of a demolition or renovation activity</u> means any person who owns, leases, operates, controls, or supervises the facility being demolished or renovated or any person who owns, leases, operates, controls, or supervises the demolition or renovation operation or both." 40 C.F.R. § 61.141.

b. "<u>Adequately wetted</u> means sufficiently mixed or coated with water or an aqueous solution to prevent dust emissions." 40 C.F.R. § 61.141.

c. "<u>Friable asbestos material</u> means any material containing more than 1 percent asbestos by weight that hand pressure can crumble, pulverize, or reduce to powder when dry." 40 C.F.R. § 61.141.

d. "<u>Category 1 nonfriable asbestos-containing material (ACM)</u> means asbestos-containing packings, gaskets, resilient floor covering, and asphalt roofing products containing more than 1 percent asbestos . . ." 40 C.F.R. § 61.141.

e. "<u>Demolition operation</u> means the wrecking or taking out of any load-supporting structural member of a facility together with any related handling operations." 40 C.F.R. § 61.141.

f. "<u>Renovation operation</u> means altering a facility or one or more facility components in any way, including the stripping or removal of regulated asbestos-

containing material ("RACM") from a facility component."  40 C.F.R. § 61.141.

   g.  "<u>Facility</u> means any institutional, commercial, or industrial structure, installation, or building (excluding apartment buildings having no more than four dwelling units)."  40 C.F.R. § 61.141.

   h.  "<u>Regulated asbestos-containing material</u> (RACM) means (a) Friable asbestos material, (b) Category I nonfriable ACM that has become friable, (c) Category I nonfriable ACM that will be or has been subjected to sanding, grinding, cutting or abrading . . ."  40 C.F.R. § 61.141.

   i.  "<u>Asbestos Containing Waste Material</u> ("ACWM") means . . . any waste that contains commercial asbestos . . .  This term includes . . . friable asbestos waste material . . .  As applied to demolition and renovation operations, this term also includes regulated asbestos-containing material waste and materials contaminated with asbestos including disposable equipment and clothing."  40 C.F.R. § 61.141.

 15. Pursuant to 40 C.F.R. § 61.145(a), each owner/operator of a demolition or renovation activity is required to thoroughly inspect the facility or part of the facility where the demolition operation will occur for the presence of asbestos.

 16. Pursuant to 40 C.F.R. § 61.145(b), each owner/operator of a demolition or renovation activity involving at least the threshold amount of RACM, namely, at least 80 linear meters (260 linear feet) on pipes or at least 15 square meters (160 square feet) on other facility components or at least one cubic meter (35 cubic feet) from facility components where the length or area could not be measured previously (collectively hereinafter, "threshold amount"), must first provide EPA or the appropriate delegated

state agency with written notice of intention to demolish or renovate at least 10 working days before beginning any asbestos stripping or removal work or any other activity began that would break up, dislodge or similarly disturb the asbestos.

17. Pursuant to 40 C.F.R. § 61.145(b)(2), each owner/operator of a demolition or renovation activity must first provide written notice of intention to conduct a demolition or renovation operation to EPA or the appropriate delegated State agency, even if no asbestos is believed to be present in the facility being demolished..

18. Pursuant to 40 C.F.R. § 61.145(c)(1), each owner/operator of a demolition or renovation activity involving at least the threshold amount of RACM must remove all RACM from facility before any activity begins that would break up, dislodge, or similarly disturb the material.

19. Pursuant to 40 C.F.R. § 61.145(c)(3), each owner/operator of a demolition or renovation operation involving at least the threshold amount of RACM must "[w]hen RACM is stripped from a facility component while it remains in place in the facility, adequately wet RACM during the stripping operation."

20. Pursuant to 40 C.F.R. § 61.145(c)(6)(i), each owner/operator of a demolition or renovation operation involving at least the threshold amount of RACM must "[a]dequately wet the material and ensure that it remains wet until collected and contained or treated in preparation for disposal in accordance with 40 C.F.R. § 61.150."

21. Pursuant to 40 C.F.R. 61.145(c)(8), each owner/operator of a demolition or renovation activity involving at least the threshold amount of RACM must have at least one on-site representative , trained in the provisions of the regulations, present while

RACM is stripped removed or otherwise handled or disturbed at a facility.

22. Pursuant to 40 C.F.R. § 61.150(a)(1)(iii), each owner/operator of a demolition or renovation operation involving at least the threshold amount of RACM must seal the ACM in leak-tight containers prior to disposal .

23. Pursuant to 40 C.F.R. §§ 61.150(b)(1) and (b)(2), each owner/operator of a demolition or renovation operation involving at least the threshold amount of RACM must deposit asbestos-containing waste material, as soon as is practical, at a waste disposal site operated in accordance with the provisions of 40 C.F.R. § 61.154 or an EPA-approved site that converts RACM and ACM into nonasbestos material according to the provisions of 40 C.F.R. § 61.155.

24. Section 113(b)(2) of the CAA, 42 U.S.C. § 7413(b)(2), authorizes EPA to commence a civil action against any person who has violated or who is in violation of any requirement or prohibition of the CAA, such as the Asbestos NESHAP.

25. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and the Debt Collection Improvement Act, 31 U.S.C. § 3701, et seq., a person in violation of the CAA is subject to civil penalties of up to $32,500 per violation per day for violations occurring after March 15, 2004 but before January 12, 2009.

## GENERAL ALLEGATIONS

26. In July 2006, General Chemical leased the Facility, and by December 2006, General Chemical decided to cease operations there and contracted with Wade to decommission and demolish the Facility.

27. Wade hired Defendant Lovett, a sub-contractor, to assist in the demolition activities. Upon information and belief, demolition activities began in or around late January or early February 2007 and continued until in or around late March to mid-April 2007.

28. Upon information and belief, during the demolition activities, load-supporting structural components were wrecked and/or removed. During an inspection conducted by the New Jersey Department Health and Senior Services ("NJDHSS") on April 19, 2007, above-ground insulated piping was found to have been demolished and pipe insulation was distributed over the surface of the ground at the Facility.

29. During a follow-up April 25, 2007, inspection, NJDHSS learned that the piping was cut before being transferred to a salvage facility.

30. During that inspection, NJDHSS also found that required precautions for keeping the insulated piping adequately wet and in leak tight bags had not been taken.

31. In addition, the required prior notification of the demolition activity was not provided to New Jersey or EPA.

32. NJDHSS found that the piping insulation debris contained greater than one percent of asbestos; the material could be crumbled, pulverized, and reduced to powder; and the amount of suspect piping insulation was greater than 260 linear feet, to wit, approximately 5,000 linear feet of piping and 3,000 linear feet of pipe insulation, thereby exceeding the threshold amount of RACM for application of the Asbestos NESHAP regulations.

33. The Facility was a stationary source within the meaning of the Act.

34. Defendant Lovett was/is an "owner/operator" of a "stationary source," an "affected source," and a "demolition activity", all within the meaning of the CAA and the Asbestos NESHAP.

### First Claim for Relief

35. Paragraphs 1 through 34, above, are incorporated herein by reference.

36. Defendant was subject to the requirement of 40 C.F.R. § 61.145(a) to thoroughly inspect the affected facility or part of the facility where the demolition operation would occur for the presence of asbestos, prior to the commencement of the demolition.

37. Upon information and belief, Defendant failed to inspect the Facility for the presence of asbestos prior to beginning demolition activities there, in violation of Section 112 of the CAA, 42 U.S.C. § 7412, and 40 C.F.R. § 61.145(a).

38. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 42 C.F.R. Part 19, Defendant is subject to civil penalties of up to $32,500 per day per violation of the CAA.

### Second Claim for Relief

39. Paragraphs 1 through 38, above, are incorporated herein by reference.

40. Defendant failed to provide the Administrator with notice of intention of activity to demolish or renovate, subject to the Asbestos NESHAP, at least 10 working days before the commencement of these activities, in violation of Sections 112 and 114, 42 U.S.C. §§ 7412 and 7414, and 40 C.F.R. § 61.145(b)(3)(i).

41. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 42 C.F.R. Part 19, Defendant is subject to civil penalties of up to $32,500 per day per violation of the CAA.

### Third Claim for Relief

42. Paragraphs 1 through 41, above, are incorporated herein by reference.

43. Upon information and belief, Defendant failed to remove all RACM from the Facility before beginning activities which would disturb material , in violation of Section 112 of the CAA, 42 U.S.C. § 7412, and 40 C.F.R. § 61.145(c)(1), .

44. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 42 C.F.R. Part 19, Defendant is subject to civil penalties of up to $32,500 per day per violation of the CAA.

### Fourth Claim for Relief

45. Paragraphs 1 through 44, above, are incorporated herein by reference.

46. Upon information and belief, Defendant failed to adequately wet the RACM and ensure that it remained wet until collected or treated in preparation for disposal, in violation of Section 112 of the CAA, 42 U.S.C. § 7412, and 40 C.F.R. § 61.145(c)(6)(i).

47. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 42 C.F.R. Part 19, Defendant is subject to civil penalties of up to $32,500 per day per violation of the CAA.

### Fifth Claim for Relief

48. Paragraphs 1 through 47, above, are incorporated herein by reference.

49. Upon information and belief, Defendant failed to keep the RACM in leak tight bags prior to disposal, in violation of Section 112 of the CAA, 42 U.S.C. § 7412, and 40 C.F.R. § 61.150(a)(1)(iii).

50. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 42 C.F.R. Part 19, Defendant is subject to civil penalties of up to $32,500 per day per violation of the CAA.

## Sixth Claim for Relief

51. Paragraphs 1 through 50, above, are incorporated herein by reference.

52. Upon information and belief, Defendant failed to have at least one on site representative trained in the NESHAP present while RACM was handled during the demolition activity at the Facility, in violation of Section 112 of the CAA, 42 U.S.C. § 7412, and, 40 C.F.R. § 61.145(c)(8).

53. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 42 C.F.R. Part 19, Defendant is subject to civil penalties of up to $32,500 per day per violation of the CAA.

## Prayer for Relief

Wherefore plaintiff, the United States of America, respectfully requests that the Court enter judgment in its favor and that the Court :

(a) Assess civil penalties of up to $32,500 per day per violation against the Defendant for violations of Section 112 of the CAA, 42 U.S.C. § 7412, and the Asbestos NESHAP, 40 C.F.R. Part 61, Subpart M ;

(b) Award the United States its costs and disbursements incurred in

connection with this action; and ;

  (c) Grant such other and further relief as this Court deems just and proper .

         Respectfully submitted,

         ELLEN MAHAN
         Deputy Chief
         Environmental Enforcement Section

         BRIAN G. DONOHUE
         Senior Attorney
         Environment and Natural Resources Division
         U.S. Department of Justice


         PAUL J. FISHMAN
         United States Attorney


    By:    S / Peter G. O'Malley
         PETER G. O'MALLEY
         Assistant United States Attorney
         970 Broad Street
         Newark, New Jersey 07102
         Telephone (973) 645-2921


OF COUNSEL:

JOHN DOLINAR
Office of Regional Counsel
Region 2
U.S. Environmental Protection Agency
290 Broadway
New York, New York  10007